UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x
EXCEL SPORTS MANAGEMENT, LLC         :
and CASEY CLOSE,                                     :        Civ. Action No. 1:22-cv-6006
                                                                    :
                                    Plaintiffs,              :
                                                                    :        **COMPLAINT**
                    v.                                         :
                                                                    :
DOUGLAS MITCHELL GOTTLIEB,       :
                                                                    :
                                    Defendant.          :
-------------------------------------------------------------x

Plaintiffs Excel Sports Management, LLC ("Excel Sports") and Casey Close ("Close" and collectively with Excel Sports, "Plaintiffs"), by their undersigned counsel and for their Complaint against defendant Douglas Mitchell Gottlieb ("Gottlieb" or "Defendant"), allege as follows:

## NATURE OF THE ACTION

1. This is an action for libel arising out of Gottlieb's defamatory statements concerning Plaintiffs' representation of professional baseball player Freddie Freeman during his contract negotiations with the Atlanta Braves.

2. Gottlieb falsely and recklessly publicized through his Twitter account that Plaintiffs "never told Freddie Freeman about the Braves final offer," thereby injuring Plaintiffs' names, businesses and reputations.

## PARTIES

3. Excel Sports is a privately held limited liability company, organized in the State of Delaware, with its principal place of business in New York, NY.

4. Excel Sports is a management and marketing agency which, among other things, and through its agents, represents and advises professional baseball players in negotiating the terms of their playing contracts with Major League Baseball ("MLB") teams.

1

5. Close is an individual and a citizen of the State of Connecticut.

6. Close is a principal and one of three Managing Partners of Excel Sports and has been a baseball agent for more than 25 years.

7. Plaintiffs are not public figures.

8. Gottlieb is an individual and, upon information and belief, a citizen of the State of California.

9. Gottlieb is a sports commentator and talk radio host, and is affiliated with Fox Sports, the Pac-12 Network, and CBS Sports.

## JURISDICTION AND VENUE

10. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1), because Close is a citizen of Connecticut, Gottlieb is a citizen of the State of California, none of Excel Sports' members are citizens of the State of California, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

11. The Court has personal jurisdiction over Gottlieb pursuant to New York CPLR § 301 *et seq.* and the United States Constitution, because Gottlieb regularly and systematically conducts business in New York, avails himself of the benefits and protections of New York, and owns, uses, or possesses real property in New York.

12. The Court has personal jurisdiction over Gottlieb pursuant to New York CPLR § 302(a)(1) and the United States Constitution, because the cause of action set forth herein arise from Gottlieb's transaction of business in New York.

13. Venue in this District is proper pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events and omissions giving rise to the claims herein occurred in this District.

14. In the alternative, venue in this District is proper pursuant to 28 U.S.C. § 1391(b)(3), because Gottlieb is subject to personal jurisdiction in this District.

## FACTUAL ALLEGATIONS

15. Non-party Freddie Freeman ("Freeman") is a professional baseball player for the Los Angeles Dodgers of MLB.

16. Prior to 2022, Freeman played twelve seasons for MLB's Atlanta Braves, with whom he was a five-time All-Star, Gold Glove Award-winner in 2018, Silver Slugger Award-winner in 2019, 2020, and 2021, and the National League's Most Valuable Player in 2020.

17. In 2021, Freeman helped the Atlanta Braves win its first World Series since 1995.

18. Until June 2022, Freeman was a client of Excel Sports, and Close served as his General Certified Agent.

19. In the spring of 2021, Close engaged in negotiations with the Atlanta Braves concerning an extension of Freeman's playing contract, which was expiring after the 2021 World Series in the fall.

20. On March 29, 2021, the Atlanta Braves submitted an offer in writing to Freeman and Close for a five-year, $110 million contract extension (the "March 29 Offer").

21. Freeman rejected the March 29 Offer.

22. On August 1, 2021, the Atlanta Braves submitted a second offer in writing to Freeman and Close for a five-year, $125 million contract extension (the "August 1 Offer").

23. Freeman rejected the August 1 Offer.

24. On August 4, 2021, the Atlanta Braves submitted an offer in writing to Freeman and Close for a five-year, $135 million contract extension (the "August 4 Offer," and collectively with the March 29 Offer and the August 1 Offer, the "Offers").

25. Freeman rejected the August 4 Offer.

26. On Saturday, March 12, 2022, Close and the Atlanta Braves had their final two conversations regarding a Freeman contract extension.

27. On that day, Close asked if the Atlanta Braves had any updates on contract proposals. The Atlanta Braves responded they would get back to Close by the end of the day. Close immediately communicated the conversation to Freeman.

28. Later that day, Close presented two contract proposals to the Atlanta Braves, and the Atlanta Braves rejected both.

29. Close then asked the Atlanta Braves if they had any offer that Close could bring to Freeman, and the Atlanta Braves responded in the negative.

30. Thereafter, Close immediately communicated the final conversation to Freeman.

31. Following the March 12, 2022 discussions, there were no further discussions between Close and the Atlanta Braves regarding a Freeman contract.

32. Less than a business day later, on March 14, 2022, the Atlanta Braves announced they had acquired first baseman Matt Olson from MLB's Oakland Athletics, which essentially signaled the end of Freeman's tenure with the Atlanta Braves. On March 17, 2022, Freeman signed a six-year, $162 million contract with the Los Angeles Dodgers.

33. On June 24, 2022, prior to his first game back in Atlanta, Freeman received his World Series ring in an on-field ceremony hosted by the Atlanta Braves.

34. Days later, Freeman terminated Close as his designated player agent.

35. On June 29, 2022, Gottlieb posted the following message to his over 265,000 Twitter followers, which Tweet became, and currently is, available to anyone worldwide with access to the internet:

> Casey Close never told Freddie Freeman about the Braves final offer, that is why Freeman fired him. He found out in Atlanta this weekend. It isn't that rare to have happen in MLB, but it happened – Close knew Freddie would have taken the ATL deal

(the "Twitter Message").[1]

36. The Twitter Message is false and was made by Gottlieb in a grossly irresponsible manner without due consideration for the standards of information gathering and dissemination ordinarily followed by responsible parties.

37. Gottlieb was grossly irresponsible because, without engaging in extensive fact checking, or contacting Close or any other Excel Sports representative for comment, he falsely published that a "final offer" was made by the Atlanta Braves to Plaintiffs and that Plaintiffs failed to disclose such purported offer to Freeman.

38. Gottlieb recklessly intended to convey the false impression that Plaintiffs breached their fiduciary duties to Freeman by purportedly failing to communicate to him a contract offer from the Atlanta Braves.

39. Furthermore, on or about June 29, 2022, after the Twitter Message had been posted, Mark Steinberg, a Managing Partner at Excel, spoke directly to Gottlieb about the false and reckless Twitter Message and during such conversation Gottlieb confirmed he had "parachuted" into the story shortly before posting the Twitter Message.

---

[1] According to its website, Twitter "is a service for friends, family, and coworkers to communicate and stay connected through the exchange of quick, frequent messages. People post Tweets, which may contain photos, videos, links and text. These messages are posted to your profile, sent to your followers, and are searchable on Twitter search."

A "Tweet" is "a message posted to Twitter containing text, photos, videos, GIFs, or links."

Twitter's website explains that "following" someone means "You are subscribing to their Tweets as a follower" and "Their updates will appear in your Home timeline."  If someone follows you, "They'll see your Tweets in their Home timeline whenever they log into Twitter."  Twitter's website states that "… Tweets are public by default…."

40. In truth, every offer from the Atlanta Braves, as well as every material communication with them, was disclosed by Plaintiffs to Freeman.

41. The defamatory Twitter Message was "of and concerning" Excel Sports (in addition to Close) because the reading public acquainted with Plaintiffs and the subject thereof would recognize Plaintiffs as persons to whom the Twitter Message refers.

42. Moreover, Plaintiffs demanded that Gottlieb retract his defamatory statements, but he has failed to do so.

43. Meanwhile, since Gottlieb's initial publication, the Twitter Message and/or portions thereof have been transmitted, repeated, and discussed in online news reports, internet blogs, message boards, and other internet sources.

44. As a direct and proximate result of Gottlieb's misconduct, Plaintiffs have suffered and continue to suffer substantial damage to their names, businesses, and reputations.

45. In response to the Twitter Message, Close has received death threats from people believed to be Atlanta Braves fans.

## FIRST CAUSE OF ACTION
### (Defamation by Libel)

46. Plaintiffs repeat and reallege the foregoing paragraphs as if fully set forth herein.

47. In the Twitter Message, Gottlieb falsely stated that Plaintiffs "never told Freeman about the Braves final offer…."

48. The Twitter Message is false, disparaging, and derogatory.

49. Plaintiffs told Freeman about every offer the Atlanta Braves communicated to Plaintiffs.

50. The Twitter Message was published by Gottlieb to third parties.

51. Gottlieb made the defamatory statements about Plaintiffs, who are private figures, in a grossly irresponsible manner without due consideration for the standards of information gathering and dissemination ordinarily followed by responsible parties.

52. Assuming Plaintiffs are public figures for defamation purposes, which they are not, Gottlieb made the defamatory statements knowing they were false or with reckless disregard for the statements' truth or falsity.

53. Gottlieb's false statements have caused and continue to cause injury to Plaintiffs' names, businesses, and reputations.

54. As a direct and proximate result of Gottlieb's defamation, Plaintiffs have been damaged in an amount to be determined at trial but estimated to be tens of millions of dollars.

55. Gottlieb's false statements are defamatory *per se*.

56. Gottlieb's false statements were committed with wanton and malicious disregard for the truth of those statements such that punitive damages are warranted.

**WHEREFORE**, Plaintiffs pray for judgment in their favor and against Gottlieb as follows:

A. On the First Cause of Action for defamation, monetary damages, including compensatory and punitive damages, against Gottlieb in an amount to be determined at trial, plus interest;

B. attorneys' fees, costs, and expenses; and

C. such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiffs hereby demand a trial by jury.

Dated: New York, NY
      July 14, 2022

                                            **MEISTER SEELIG & FEIN LLP**

                                            By: */s/ Mitchell Schuster*
                                                   Mitchell Schuster
                                                   Kevin Fritz
                                      125 Park Avenue, 7th Floor
                                      New York, NY 10017
                                      Tel: (212) 655-3500
                                      E-mail: ms@msf-law.com
                                      E-mail: kaf@msf-law.com
                                      *Attorneys for Plaintiffs*